TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00106-CR







The State of Texas, Appellant



v.



James E. Young, Appellee







FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT


NO. CR94-463, HONORABLE BILL BENDER, JUDGE PRESIDING







PER CURIAM


 The State appeals an order of the district court dismissing the indictment in this
cause on appellee's pro se motion. Tex. Code Crim. Proc. Ann. art. 44.01(a)(1) (West Supp.
1995). The indictment is for the offense of aggravated sexual assault of a child.

 As grounds for dismissal, appellant's motion alleged:


 More than 120 days have elapsed since the commecment [sic] of the
criminal action in this case and the State has not been ready for trial during this
time. In computing the time by which the State must be ready for trial all statuton
[sic] exemption and exception have been excluded. Wherefore, the Defendant
prays that the Indictment be dismissed and that the Defendant be discharged. 



This motion was brought to the court's attention as the jury panel was being shuffled prior to the
commencement of voir dire. Defense counsel argued:


 My client was arrested, I believe, in December of 1993 and now it
is February of 1995. He had been reindicted in about October of last year.


 The Code of Criminal Procedure states that a court shall grant a
motion to set aside an indictment if the State is not ready for trial within 180 days
of the commencement of a criminal action if the defendant is accused of a felony. 
Since the State cannot be ready for a felony trial until the defendant is indicted and
since the Defendant was indicted well after 180 days from the time he was charged
with this offense, we would ask that this entire case be dismissed for the failure to
grant a speedy trial, Your Honor.



The prosecutor responded:


 The State's response is the State was ready to go forward and
prosecute this case in the 180 day period of time. There was a valid charge
instrument on file with this Court invoking the jurisdiction of the Court and,
therefore, the State was ready for trial.


 The State was in compliance with that Statute. The State alleges it
has the right to exercise discretion to re-present a case to a grand jury, to have a
case reindicted, and that is what was done in this case.



The court and counsel then briefly reviewed the procedural history of this cause, after which the
court stated, "Gentlemen, I am going to grant the motion." The order was reduced to writing
later that day.

 The transcript contains the district court's findings of fact and conclusions of law. 
These findings recite the procedural history of the cause and conclude:


 Counsel for defendant directed the Court's attention to the Texas
Code of Criminal Procedure, Article 32A.02.[ (1)]


 The Court granted the Motion to Dismiss for Failure to Grant a
Speedy Trial. The Court found that the Defendant had been in jail continually for
more than one year.



 In its brief, the State recalls that chapter 32A.02 of the Code of Criminal
Procedure, the Speedy Trial Act, was declared unconstitutional in its entirety long before this
cause arose. Meshell v. State, 739 S.W.2d 246, 257-58 (Tex. Crim. App. 1987). The State
correctly argues that in light of Meshell, the district court's order dismissing the indictment cannot
be justified by reference to the act. The State's brief goes on to argue that the record does not
support a finding that appellee's constitutional speedy trial right was violated. U.S. Const.
amend. VI; Tex. Const. art. I, § 10; see Barker v. Wingo, 407 U.S. 514, 530 (1972); Harris v.
State, 827 S.W.2d 949, 956 (Tex. Crim. App. 1972) (factors to consider when deciding
constitutional speedy trial claim). In his brief, counsel for appellee continues to rely on the
Speedy Trial Act.

 It is apparent from the record that appellee's motion to dismiss was based solely
on the defunct Speedy Trial Act. It is also apparent that the motion was argued by the parties and
decided by the court on that basis. Because the factors informing the disposition of a
constitutional speedy trial claim were not considered below, it is inappropriate to address the
State's constitutional speedy trial argument at this time.

 Because it was based on the unconstitutional Speedy Trial Act, the district court's
order dismissing the indictment for failure to grant a speedy trial must be reversed. We express
no opinion whether appellant has been denied his constitutional right to a speedy trial and this
opinion should not be construed to prevent appellant from making such a claim upon remand.

 The order of the district court dismissing the indictment is reversed and the cause
is remanded for further proceedings.


Before Chief Justice Carroll, Justices Aboussie and Jones

Reversed and Remanded

Filed: May 31, 1995

Do Not Publish
1. Tex. Code Crim. Proc. Ann. art. 32A.02 (West 1989).